EPSTEIN
BECKER
GREEN

Attorneys at Law

Jeffrey H. Ruzal
t 212.351.3762
f 212.878.8600
jruzal@ebglaw.com

September 16, 2026

BY ECF

Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: *Fofana v. Shake Shack Enterprises, LLC*
Case No. 26 Civ. 6950 (AT)

Dear Judge Torres:

We are counsel for Defendant Shake Shack Enterprises, LLC ("Shake Shack") in the above-referenced matter. We write, to respectfully request a 30-day extension of time to respond to the Complaint in this matter, from September 17 to October 21, 2026.[1] This is the first request for an extension of time for Shake Shack to respond to the Complaint, and Plaintiff consents to this request.[2] This extension will not affect any other deadlines in this matter.

Our firm was recently retained to represent Shake Shack in this action, and this initial extension will provide necessary time for our office to analyze plaintiff's allegations, interview witnesses with knowledge, collect relevant personnel and policy documents, and develop an appropriate response to the Complaint. Further, it is Defendant's position that Plaintiff has executed a binding arbitration agreement that applies to her allegations in this case and thereby deprives this court of subject matter jurisdiction. We have raised this issue with Plaintiff's counsel

[1] October 17, 2026, is a Saturday.
[2] On September 15, 2026, Plaintiff filed an affidavit of service, which contends that service was effectuated against Shake Shack Enterprises, LLC, on August 27, 2026. The parties disagree as to whether service was properly effectuated against Shake Shack, but to avoid unnecessary motion practice and the costs of repeated attempts at service, Shake Shack has agreed to waive service, pursuant to Rule 4(d), and the parties have likewise agreed on the October 21, 2026, deadline for Shake Shack to respond to the Complaint. Notwithstanding this limited waiver of service and application for an extension of time, Shake Shack does not waive and, in fact, expressly preserves its right to move to compel arbitration of Plaintiff's claims. This extension is necessary for Shake Shack to continue its good faith dialogue with Plaintiff regarding arbitrability before seeking the Court's intervention.

and the parties are engaging in a dialogue regarding the applicability of this agreement, in an effort to avoid potential motion practice on this issue.

For all of these reasons, Shake Shack respectfully requests an initial 30-day extension of time to respond to the Complaint, to October 21, 2026.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ Jeffrey Ruzal*___

Jeffrey Ruzal