# EXHIBIT "B"

# ARBITRATION AGREEMENT

1. **Arbitration.** This Agreement is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*. The Company (as defined below) and Employee expressly agree and stipulate that the FAA shall apply to this Arbitration Agreement (this "Agreement"), which evidences a transaction involving commerce, and that the parties will take no position to the contrary. If a court determines the FAA does not apply to a particular dispute or to one or both parties, the parties stipulate that the court apply 9 U.S.C. §§ 2-16 of the FAA, to the fullest extent permissible under applicable law. If none of the above apply, the parties stipulate and agree that the arbitration law of the jurisdiction where the arbitration will take place will apply. Except as it otherwise provides, this Agreement applies to any dispute, past, present or future, arising out of or related to Employee's ("you" or "your") employment with Shake Shack Enterprises, LLC ("Company") or employment-related dispute with any of its investors, officers, directors, principals, shareholders, members, owners, employees, all affiliates, successors, subsidiaries, assigns or parent companies (each of which are third-party beneficiaries of this Agreement) or termination of employment, regardless of its date of accrual, and survives after the employment relationship terminates. Except as it otherwise provides, this Agreement is intended to apply to the resolution of employment-related disputes that otherwise would be resolved in a court of law or before a forum other than arbitration. Except as otherwise stated in this Agreement, you and the Company agree that any legal dispute or controversy covered by this Agreement, shall be resolved by final and binding arbitration in accordance with JAMS Employment Arbitration Rules & Procedures ("JAMS Rules") then in effect, and not by court or jury trial. Arbitrations under this Agreement will be held (unless the parties agree in writing otherwise) within the same county and in the same state where you are or were last employed by the Company (even in locations where JAMS does not have a local office). The arbitrator shall be an attorney experienced in arbitrating employment law disputes or a retired judge. The JAMS Rules may be found at www.jamsadr.com or by searching for "JAMS Employment Arbitration Rules" using a service such as www.Google.com or by asking the Company's People Resources Department (people@shakeshack.com) for a copy of the rules. If for any reason JAMS will not administer the arbitration, either party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted for appointment of a neutral Arbitrator.

Except as this Agreement otherwise provides, the Arbitrator, and not any court, shall have exclusive authority to resolve any dispute relating to the validity, applicability, enforceability, unconscionability or waiver of this Agreement, including, but not limited to any claim that all or any part of this Agreement is void or voidable. However, the preceding sentence does not apply to claims under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, the Class Action Waiver, or the California Private Attorneys General Act (PAGA) Individual Action Requirement, below. Notwithstanding any other provision of this Agreement, any rules or procedures that may otherwise apply by virtue of this Agreement, and/or the JAMS Rules, any claim that the California PAGA Individual Action Requirement, the Class Action Waiver, or any portion thereof, is unenforceable, inapplicable, unconscionable, void or voidable, will be determined only by a court of competent jurisdiction and not by an arbitrator.

This Agreement applies to employment-related claims whether brought by you or the Company. Except as it otherwise provides, this Agreement applies to disputes regarding background checks, privacy, contracts, trade secrets, unfair competition, compensation, classification, minimum wage, seating, expense reimbursement, overtime, breaks and rest periods, or retaliation, discrimination, or harassment and claims arising under the Fair Credit Reporting Act, Defend Trade Secrets Act, Civil Rights Act of 1964, 42 U.S.C. §1981, Rehabilitation Act, Civil Rights Acts of 1866 and 1871, Civil Rights Act of 1991, 8 U.S.C. § 1324b (unfair immigration related practices), 41 U.S.C. § 4712, Pregnancy Discrimination Act, Equal Pay Act, Americans With Disabilities Act, Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Occupational Safety and Health Act, Family and Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and covered by the Employee Retirement Income Security Act of 1974 or funded by insurance), Affordable Care Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, Consolidated Omnibus Budget Reconciliation Act of 1985, the False Claims Act, and state statutes or regulations addressing the same or similar subject matters, and all other federal, state or local statutory and legal claims arising out of or relating to your employment or the termination of employment (including, without limitation, torts and post-employment defamation or retaliation).

All claims in arbitration are subject to the same statutes of limitation that would apply in court. You and the Company shall follow the JAMS Rules applicable to initial filing fees, but in no event will you be responsible for any portion of those fees in excess of the filing or initial appearance fees applicable to court actions in the jurisdiction where the arbitration will be

conducted. The Company otherwise shall pay all costs and expenses unique to arbitration, including without limitation the arbitrator's fees. The parties otherwise shall be responsible for their respective attorney fees and costs, subject to relief awarded to the prevailing party as determined by the arbitrator in accordance with applicable law. Unless the parties agree to any extension of time for the payment due date, the parties must pay their respective required fees or costs within 60 days of the date that the arbitrator issues the invoice to the parties. Discovery will be conducted in accordance with the JAMS Rules. The arbitrator must follow applicable law and may award only those remedies that would have applied in a party's individual capacity had the matter been heard in court. The arbitrator's decision must be in writing and contain findings of fact and conclusions of law. Judgment may be entered on the arbitrator's decision in any court having jurisdiction.

Nothing contained in this Agreement prevents or excuses you (individually or in concert with others) or the Company from using the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for using such procedures. A party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy in accordance with applicable law, and any such application shall not be deemed incompatible with or waiver of this agreement to arbitrate. The court to which the application is made is authorized to consider the merits of the arbitrable controversy to the extent it deems necessary in making its ruling, but only to the extent permitted by applicable law. All determinations of final relief, however, will be decided in arbitration.

This Agreement does not prevent you from filing unfair labor practice charges with the National Labor Relations Board (www.nlrb.gov). The Company will not retaliate against you for filing such a charge. Nothing in this Agreement prevents you from making a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment Opportunity Commission, U.S. Department of Labor, U.S. Securities and Exchange Commission, National Labor Relations Board, or the Office of Federal Contract Compliance Programs, or law enforcement agencies. Nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement. This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims would otherwise be covered by this Agreement. Nothing in this Agreement prevents or excuses a party from satisfying any conditions precedent and/or exhausting administrative remedies under applicable law before bringing a claim in arbitration. The Company will not retaliate against you for filing a claim with an administrative agency or for exercising rights (individually or in concert with others) under the National Labor Relations Act.

This Agreement does not apply to: 1) claims for workers compensation benefits, state disability insurance benefits, or unemployment insurance benefits; however, this Agreement applies to discrimination and retaliation claims based on seeking such benefits; 2) disputes between the parties that may not be subject to pre-dispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203) or as provided by another Act of Congress or controlling federal statute; 3) disputes that may not be subject to pre-dispute arbitration agreement under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (at your election); 4) disputes that may not be subject to pre-dispute arbitration as provided by an applicable federal statute; or 5) claims pending in a state or federal court or arbitration as of the date of your receipt of this Agreement ("Pending Claims"). If any claim(s) or Pending Claim(s) not covered under this Agreement above are combined with claims that are covered under this Agreement, to the maximum extent allowed under applicable law, the covered claims will be arbitrated and continue to be covered under this Agreement.

2. **Class Action Waiver. This Agreement affects your ability to participate in class and collective actions.** Both the Company and you agree to bring any dispute in arbitration on an individual basis only, and not on a class and/or collective action basis on behalf of others. There will be no right or authority for any dispute to be brought, heard, decided or arbitrated as a class or collective action, or as a member in any such class or collective action proceeding, and the arbitrator will have no authority to hear or preside over any such claim ("Class Action Waiver"). In any case in which (1) the dispute is filed as a class or collective action and (2) there is a final judicial determination that all or part of the Class Action Waiver is unenforceable and that a class or collective action may proceed notwithstanding the existence of this Class Action Waiver, the Arbitrator is nevertheless without any authority to preside over a class and/or collective action. In that event, any class or collective action to that extent must be brought in a civil court of competent jurisdiction (and not arbitration), but the portion of the Class Action Waiver that is enforceable shall be enforced in arbitration. The Class

Action Waiver shall be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds in arbitration.

3. **California PAGA Individual Action Requirement.** The Company and you agree to arbitrate PAGA claims on an individual basis only. Therefore, any claim by you under PAGA to recover unpaid wages, civil penalties or any other individual relief must be arbitrated under this Agreement. The Company and you also agree that your non-individual PAGA claims will be stayed and you will not pursue any such claims in Court until after the Arbitrator, and not any court, issues a final and written determination as to your status as an "aggrieved employee," and, then, only if the determination is that you were "aggrieved." The preceding sentence applies even if you seek to assert only a representative claim without including an individual PAGA claim and/or if you disclaim the individual PAGA claim. The Arbitrator is without authority to preside over any PAGA claim by you on behalf of any other person or joined by or consolidated with another person's PAGA claim. This PAGA Individual Action Requirement clause will be severable from this Agreement if there is a final judicial determination that it is invalid, unenforceable, unconscionable, void or voidable. In such case, the PAGA action must be litigated in a civil court of competent jurisdiction - not in arbitration - but the portion of the PAGA Individual Action Requirement that is enforceable will be enforced in arbitration.

4. **Enforcement of This Agreement.** You have the right to consult with counsel of your choice concerning this Agreement and to be represented by counsel at any stage during the arbitration process. This Agreement does not alter Employee's at-will employment status. The mutual obligations by the Company and you to arbitrate provide consideration for this Agreement. Your offer of employment or continued employment after receiving this Agreement provide separate consideration for this Agreement. This Agreement is the full and complete agreement relating to the resolution of disputes covered by this Agreement and supersedes all prior and contemporaneous agreements relating to such disputes; however, should this Agreement be found to be unenforceable, for any reason, then such prior agreement(s) shall remain in place and survive to afford the Company the greatest protection allowed by law. Subject to Sections 2 and 3 (which contain their own severability clause), in the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable. Any contractual disclaimers the Company has in any handbooks, other agreements, or policies do not apply to this Agreement. This Agreement will be enforceable throughout your employment, and thereafter with respect to your transfer to any parent, subsidiary or affiliate of the Company or re-employment by the Company if your employment is ended but later renewed, with respect to any claim arising out of or relating to your application or selection for employment, employment, and/or termination of your employment with the Company.

**YOU AGREE THAT YOU ARE ACCEPTING AND AGREEING TO THE TERMS OF THIS AGREEEMENT BY EITHER SIGNING YOUR NAME IN THE SPACE PROVIDED BELOW OR BY USING AN ELECTRONIC SIGNATURE VIA WORKDAY BY SUBMITTING "I AGREE" AFTER REVIEWING THE AGREEMENT IN AN ELECTRONIC FORMAT (IN WHICH CASE YOUR NAME, SIGNATURE, AND DATE MAY NOT APPEAR ON THIS AGREEMENT). YOU FURTHER UNDERSTAND AND AGREE THAT YOUR ELECTRONIC SIGNATURE VIA WORKDAY IS AS LEGALLY BINDING AS AN INK SIGNATURE. BY PROVIDING YOUR ELECTRONIC SIGNATURE VIA WORKDAY, YOU ARE ACKNOWLEDGING YOU HAVE READ, REVIEWED, AND AGREE TO THIS MUTUAL ARBITRATION AGREEMENT.**

**AGREED: Shake Shack Enterprises, LLC**

**RECEIVED AND AGREED:**

EMPLOYEE SIGNATURE: EMPLOYEE NAME TYPED ____________________________________

DATE:_______________________________

## ACUERDO DE ARBITRAJE

1. **Arbitraje.** Este Acuerdo se rige por la Ley Federal de Arbitraje ("FAA"), 9 U.S.C. § 1, *et seq*. La Compañía (según se define a continuación) y el Empleado acuerdan y estipulan expresamente que la FAA se aplicará a este Acuerdo de Arbitraje (este "Acuerdo"), que evidencia una transacción que involucra comercio, y que las partes no adoptarán ninguna posición en contrario. Si un tribunal determina que la FAA no se aplica a una disputa particular o a una o ambas partes, las partes estipulan que el tribunal aplique el título 9 U.S.C. §§ 2-16 de la FAA, en la máxima medida permitida por la ley aplicable. Si ninguna de las anteriores aplica, las partes estipulan y acuerdan que se aplicará la ley de arbitraje de la jurisdicción donde se llevará a cabo el arbitraje. Salvo que se establezca lo contrario, este Acuerdo se aplica a cualquier disputa, pasada, presente o futura, que surja o esté relacionada con el empleo del Empleado ("usted" o "su") con Shake Shack Enterprises, LLC ("Compañía") o una disputa relacionada con el empleo con cualquiera de sus inversores, funcionarios, directores, principales, accionistas, miembros, propietarios, empleados, todos los afiliados, sucesores, subsidiarias, cesionarios o empresas matrices (cada uno de los cuales son terceros beneficiarios de este Acuerdo) o la terminación del empleo, independientemente de su fecha de acumulación, y sobrevive después de que finalice la relación laboral. Salvo que se establezca lo contrario, este Acuerdo está destinado a aplicarse a la resolución de disputas relacionadas con el empleo que de otro modo se resolverían en un tribunal de justicia o ante un foro distinto del arbitraje. Salvo que se indique lo contrario en este Acuerdo, usted y la Compañía acuerdan que cualquier disputa o controversia legal cubierta por este Acuerdo se resolverá mediante arbitraje final y vinculante de conformidad con las Reglas y Procedimientos de Arbitraje Laboral de JAMS ("Reglas de JAMS") vigentes en ese momento, y no mediante un tribunal o juicio por jurado. Los arbitrajes bajo este Acuerdo se llevarán a cabo (a menos que las partes acuerden lo contrario por escrito) dentro del mismo condado y en el mismo estado en el que usted está o estuvo empleado por última vez por la Compañía (incluso en lugares donde JAMS no tiene una oficina local). El árbitro deberá ser un abogado con experiencia en arbitraje de disputas de derecho laboral o un juez jubilado. Las Reglas de JAMS se pueden encontrar en www.jamsadr.com o buscando "Reglas de Arbitraje Laboral de JAMS" mediante un servicio como www.Google.com o solicitando una copia de las reglas al Departamento de Recursos Humanos de la Compañía (people@shakeshack.com). Si por cualquier motivo JAMS no administra el arbitraje, cualquiera de las partes puede solicitar a un tribunal de jurisdicción competente con autoridad sobre el lugar donde se llevará a cabo el arbitraje el nombramiento de un Árbitro neutral.

Salvo que este Acuerdo establezca lo contrario, el Árbitro, y no cualquier tribunal, tendrá autoridad exclusiva para resolver cualquier disputa relacionada con la validez, aplicabilidad, exigibilidad, inconstitucionalidad o renuncia de este Acuerdo, incluyendo, entre otros, cualquier reclamo de que todo o parte de este Acuerdo es nulo o anulable. Sin embargo, la oración anterior no se aplica a reclamos bajo la Ley de Fin del Arbitraje Forzoso de Agresión Sexual y Acoso Sexual de 2021, la Renuncia a Demandas Colectivas o el Requisito de Acción Individual de la Ley de Fiscales Generales Privados de California (PAGA), a continuación. Sin perjuicio de cualquier otra disposición de este Acuerdo, de cualquier norma o procedimiento que pueda aplicarse en virtud de este Acuerdo y/o de las Normas JAMS, cualquier reclamación de que el Requisito de Acción Individual PAGA de California, la Renuncia a Demandas Colectivas o cualquier parte de estos es inválida, inaplicable, abusiva, nula o anulable, será determinada únicamente por un tribunal de jurisdicción competente y no por un árbitro.

Este Acuerdo se aplica a reclamos relacionados con el empleo, ya sea que los presente usted o la Compañía. Salvo que se establezca lo contrario, este Acuerdo se aplica a disputas relacionadas con verificaciones de antecedentes, privacidad, contratos, secretos comerciales, competencia desleal, compensación, clasificación, salario mínimo, asientos, reembolso de gastos, horas extras, descansos y períodos de descanso, o represalias, discriminación o acoso y reclamos que surjan bajo la Ley de Informes Crediticios Justos, la Ley de Defensa de Secretos Comerciales, la Ley de Derechos Civiles de 1964, 42 U.S.C. §1981, la Ley de Rehabilitación, las Leyes de Derechos Civiles de 1866 y 1871, la Ley de Derechos Civiles de 1991, 8 U.S.C. § 1324b (prácticas injustas relacionadas con la inmigración), 41 U.S.C. § 4712, Ley de Discriminación por Embarazo, Ley de Igualdad Salarial, Ley de Estadounidenses con Discapacidades, Ley de Discriminación por Edad en el Empleo, Ley de Protección de Beneficios para Trabajadores Mayores, Ley de Seguridad y Salud Ocupacional, Ley de Licencia Familiar y Médica, Ley de Normas Laborales Justas, Ley de Seguridad de Ingresos de Jubilación de los Empleados (excepto las reclamaciones por beneficios para empleados bajo cualquier plan de beneficios patrocinado por la Compañía y cubierto por la Ley de Seguridad de Ingresos de Jubilación de los Empleados de 1974 o financiado por un seguro), Ley de Atención Médica Asequible, Ley de No Discriminación por Información Genética, Ley de Derechos de Empleo y Reempleo de los Servicios Uniformados, Ley de Notificación de Ajuste y Reentrenamiento de Trabajadores, Ley Ómnibus Consolidada de Reconciliación Presupuestaria de 1985, la Ley de Reclamaciones Falsas y estatutos o reglamentos estatales que aborden los mismos temas o temas similares, y todos los demás reclamos legales y estatutarios

federales, estatales o locales que surjan o estén relacionados con su empleo o la terminación del empleo (incluidos, entre otros, agravios y difamación o represalias posteriores al empleo).

Todas las reclamaciones en arbitraje están sujetas a los mismos plazos de prescripción que se aplicarían en un tribunal. Usted y la Compañía deberán seguir las Reglas JAMS aplicables a las tarifas de presentación inicial, pero en ningún caso usted será responsable de ninguna parte de dichas tarifas que excedan las tarifas de presentación o comparecencia inicial aplicables a las acciones judiciales en la jurisdicción donde se llevará a cabo el arbitraje. De lo contrario, la Compañía pagará todos los costos y gastos propios del arbitraje, incluidos, entre otros, los honorarios del árbitro. De lo contrario, las partes serán responsables de sus respectivos honorarios y costos de abogados, sujetos a la compensación otorgada a la parte ganadora según lo determine el árbitro de acuerdo con la ley aplicable. A menos que las partes acuerden una extensión del plazo para la fecha de vencimiento del pago, las partes deben pagar sus respectivos honorarios o costos requeridos dentro de los 60 días a partir de la fecha en que el árbitro emita la factura a las partes. El descubrimiento se llevará a cabo de conformidad con las Reglas de JAMS. El árbitro debe cumplir la legislación aplicable y puede conceder únicamente aquellos recursos que se habrían aplicado a una parte en su carácter individual si el asunto se hubiera visto en el tribunal. La decisión del árbitro debe constar por escrito y contener conclusiones de hecho y de derecho. La decisión del árbitro podrá ser juzgada en cualquier tribunal competente.

Nada de lo contenido en este Acuerdo le impide o excusa a usted (individualmente o en conjunto con otros) o a la Compañía de utilizar los procedimientos internos existentes de la Compañía para la resolución de quejas, y este Acuerdo no pretende ser un sustituto del uso de dichos procedimientos. Una parte puede solicitar a un tribunal de jurisdicción competente una medida cautelar o provisional en relación con una controversia arbitrable de conformidad con la legislación aplicable, y dicha solicitud no se considerará incompatible con este acuerdo de arbitraje ni una renuncia al mismo. El tribunal ante el cual se presenta la solicitud está autorizado a considerar los méritos de la controversia arbitrable en la medida que considere necesario para tomar su decisión, pero sólo en la medida permitida por la ley aplicable. Sin embargo, todas las determinaciones de alivio final se decidirán mediante arbitraje.

Este Acuerdo no le impide presentar denuncias por prácticas laborales desleales ante la Junta Nacional de Relaciones Laborales (www.nlrb.gov).La Compañía no tomará represalias contra usted por presentar tal denuncia. Nada de lo dispuesto en este Acuerdo le impide presentar un informe o un reclamo o denuncia ante una agencia gubernamental, incluida, entre otras, la Comisión para la Igualdad de Oportunidades en el Empleo de los Estados Unidos. Departamento de Trabajo, Comisión de Bolsa y Valores de EE.UU., Junta Nacional de Relaciones Laborales, u Oficina de Programas de Cumplimiento de Contratos Federales, o agencias de aplicación de la ley. Nada de lo dispuesto en este Acuerdo impide la investigación por parte de una agencia gubernamental de cualquier informe, reclamo o cargo cubierto de otra manera por este Acuerdo. El presente Acuerdo tampoco impide que las agencias administrativas federales juzguen reclamos y otorguen reparaciones basadas en dichos reclamos, incluso si los reclamos de otra manera estarían cubiertos por este Acuerdo. Nada de lo dispuesto en este Acuerdo impide o excusa a una parte de satisfacer cualquier condición precedente y/o agotar los recursos administrativos conforme a la legislación aplicable antes de presentar un reclamo en arbitraje. La Compañía no tomará represalias contra usted por presentar un reclamo ante una agencia administrativa o por ejercer derechos (individualmente o en conjunto con otros) bajo la Ley Nacional de Relaciones Laborales.

El presente Acuerdo no se aplica a: 1) reclamos por beneficios de compensación laboral, beneficios del seguro estatal por discapacidad o beneficios del seguro de desempleo; sin embargo, este Acuerdo se aplica a reclamos por discriminación y represalias basados en la búsqueda de dichos beneficios; 2) disputas entre las partes que pueden no estar sujetas a un acuerdo de arbitraje previo a la disputa según lo dispuesto en la Ley de Reforma de Wall Street y Protección al Consumidor Dodd-Frank (Ley Pública 111-203) o según lo dispuesto por otra Ley del Congreso o estatuto federal de control; 3) disputas que pueden no estar sujetas a un acuerdo de arbitraje previo a la disputa según la Ley de Fin del Arbitraje Forzoso de Agresión Sexual y Acoso Sexual de 2021 (a su elección); 4) disputas que pueden no estar sujetas a un arbitraje previo a la disputa según lo dispuesto por un estatuto federal aplicable; o 5) reclamos pendientes en un tribunal estatal o federal o arbitraje a la fecha de su recepción de este Acuerdo ("Reclamos Pendientes"). Si alguna reclamación o reclamación pendiente no cubierta por este Acuerdo anterior se combina con reclamaciones que están cubiertas por este Acuerdo, en la medida máxima permitida por la ley aplicable, las reclamaciones cubiertas se arbitrarán y continuarán estando cubiertas por este Acuerdo.

2. **<u>Renuncia a demanda colectiva</u>. Este Acuerdo afecta su capacidad de participar en <u>acciones colectivas y de clase</u>.** Tanto la Compañía como usted acuerdan presentar cualquier disputa en arbitraje únicamente de forma individual y no como <u>acción colectiva o de clase</u> en nombre de otros. No habrá derecho ni autoridad para que ninguna disputa se presente, escuche, decida o arbitre como una acción colectiva o de clase, o como miembro de cualquier procedimiento de <u>acción colectiva o de clase</u>, y el árbitro no tendrá autoridad para escuchar o presidir ningún reclamo de este tipo (“Renuncia a la acción colectiva”). En cualquier caso en el que (1) la disputa se presente como una <u>acción colectiva o de clase</u> y (2) exista una determinación judicial

**ACUERDO DE ARBITRAJE**

final de que toda o parte de la Renuncia a la Acción Colectiva no es ejecutable y que una acción colectiva o de clase puede proceder a pesar de la existencia de esta Renuncia a la Acción Colectiva, el Árbitro, no obstante, no tendrá autoridad para presidir una acción colectiva y/o de clase. En ese caso, cualquier acción colectiva o de clase en esa medida debe presentarse en un tribunal civil de jurisdicción competente (y no en arbitraje), pero la parte de la Renuncia a la Acción Colectiva que sea ejecutable se hará cumplir en arbitraje. La renuncia a la acción colectiva será divisible en cualquier caso en el que la disputa se presente como una acción individual y la separación sea necesaria para garantizar que la acción individual proceda en arbitraje.

3. **Requisito de Acción Individual PAGA de California.** La Compañía y usted acuerdan arbitrar las reclamaciones de PAGA únicamente de forma individual. Por lo tanto, cualquier reclamo que usted realice bajo PAGA para recuperar salarios impagos, sanciones civiles o cualquier otro alivio individual debe ser arbitrado bajo este Acuerdo. La Compañía y usted también acuerdan que sus reclamos PAGA no individuales serán suspendidos y que usted no presentará dichos reclamos en el Tribunal hasta que el Árbitro, y no cualquier tribunal, emita una determinación final y por escrito sobre su condición de "empleado agraviado", y, entonces, solo si la determinación es que usted fue "agraviado". La oración anterior se aplica incluso si usted intenta hacer valer únicamente un reclamo representativo sin incluir un reclamo PAGA individual y/o si renuncia al reclamo PAGA individual. El árbitro no tiene autoridad para presidir ningún reclamo PAGA que usted presente en nombre de otra persona o que se una o consolide con el reclamo PAGA de otra persona. Esta cláusula de requisito de acción individual de PAGA será separable de este Acuerdo si hay una determinación judicial final de que es inválida, inaplicable, abusiva, nula o anulable. En tal caso, la acción PAGA debe litigarse en un tribunal civil de jurisdicción competente, no en arbitraje, pero la parte del Requisito de Acción Individual PAGA que sea exigible se hará cumplir en arbitraje.

4. **Cumplimiento de este Acuerdo.** Usted tiene derecho a consultar con un abogado de su elección con respecto a este Acuerdo y a ser representado por un abogado en cualquier etapa durante el proceso de arbitraje. Este Acuerdo no altera el estatus de empleo a voluntad del Empleado. Las obligaciones mutuas de la Compañía y usted de arbitrar constituyen la contraprestación de este Acuerdo. Su oferta de empleo o empleo continuo después de recibir este Acuerdo proporciona una contraprestación separada para este Acuerdo. Este Acuerdo es el acuerdo completo y total relacionado con la resolución de las disputas cubiertas por este Acuerdo y reemplaza todos los acuerdos anteriores y contemporáneos relacionados con dichas disputas; sin embargo, si este Acuerdo se considera inaplicable, por cualquier motivo, dichos acuerdos anteriores permanecerán vigentes y sobrevivirán para brindar a la Compañía la mayor protección permitida por la ley. Sujeto a las Secciones 2 y 3 (que contienen su propia cláusula de divisibilidad), en caso de que alguna parte de este Acuerdo se considere inaplicable, el resto de este Acuerdo será aplicable. Cualquier exención de responsabilidad contractual que la Compañía tenga en cualquier manual, otros acuerdos o políticas no se aplica a este Acuerdo. Este Acuerdo será ejecutable durante su empleo y, posteriormente, con respecto a su transferencia a cualquier empresa matriz, subsidiaria o afiliada de la Compañía o reempleo por parte de la Compañía si su empleo finaliza pero luego se renueva, con respecto a cualquier reclamo que surja de o esté relacionado con su solicitud o selección de empleo, empleo y/o terminación de su empleo con la Compañía.

**USTED ACEPTA QUE ESTÁ ACEPTANDO Y CONFORMANDO LOS TÉRMINOS DE ESTE ACUERDO YA SEA FIRMANDO SU NOMBRE EN EL ESPACIO PROPORCIONADO A CONTINUACIÓN O UTILIZANDO UNA FIRMA ELECTRÓNICA A TRAVÉS DE WORKDAY ENVIANDO "ACEPTO" DESPUÉS DE REVISAR EL ACUERDO EN UN FORMATO ELECTRÓNICO (EN CUYO CASO SU NOMBRE, FIRMA Y FECHA PUEDEN NO APARECER EN ESTE ACUERDO). ADEMÁS, USTED ENTIENDE Y ACEPTA QUE SU FIRMA ELECTRÓNICA A TRAVÉS DE WORKDAY ES TAN LEGALMENTE VINCULANTE COMO UNA FIRMA DE TINTA. AL PROPORCIONAR SU FIRMA ELECTRÓNICA A TRAVÉS DE WORKDAY, USTED RECONOCE QUE HA LEÍDO, REVISADO Y ACEPTADO ESTE ACUERDO DE ARBITRAJE MUTUO.**

**ACORDADO: Shake Shack Enterprises, LLC**

**RECIBIDO Y ACORDADO:**

FIRMA DEL EMPLEADO: NOMBRE DEL EMPLEADO EN LETRA DE IMPRENTA ____________________________

FECHA: ____________________________________